

FILED
2020 Apr-20 PM 03:49
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# (SOUTHERN DIVISION)

| | | |
|---|---|---|
| Amber Whatley, | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. |
| Aerotek Inc., and KLJ Solutions Holding Company, individually and/or as joint employers, | ) | |
| Defendants. | ) | |

## COMPLAINT

The Plaintiff Ms. Amber Whatley complains against the Defendants Aerotek Inc. (hereinafter "Aertotek") and KLJ Solutions Holding Company, (hereinafter "KLJ") as follows:

## JURISDICTION

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1367 (supplemental jurisdiction), 42 U.S.C. § 2000e-5 (Title VII) and 42 U.S.C. § 12117 (ADA).

## PARTIES & VENUE

2. Ms. Whatley is over the age of twenty-one (21) and is domiciled in the Northern District of Alabama. As detailed below, she is a former employee of both Aerotek and KLJ.

3. Aertotek is engaged in the business of supplying temporary staffing services on a contract basis to various clients. KLJ was a client of Aerotek. Aerotek placed Ms. Whatley with KLJ to perform work in Jefferson County, AL. The conduct complained about in this complaint occurred in Jefferson County.

4. KLJ is a North Dakota based engineering company providing engineering consultation and support in, among other areas, communications. KLJ contracted with Bear Communications to provide engineering and construction services for a fiber optics project in Birmingham AL. To staff this project, KLJ contracted with Aerotek to provide engineering technicians to support KLJ. Ms. Whatley was one of three engineering technicians assigned to work for KLJ. The conduct complained of in this complaint occurred in Jefferson County AL.

## FACTUAL ALLEGATIONS

5. The Plaintiff Amber Whatley is a white female. Prior to working for Aerotek and KLJ, Ms. Whatley worked for Byers Engineering. As an employee of Byers, she was allowed to work from home. Working from home was very important to Ms. Whatley because of her medical condition and physical restrictions.

6. Drake Posney contacted Ms. Whatley about potentially working for Aerotek. Mr. Posney was a former employee of Byers Engineering. Posney put Ms. Whatley in contact with Nate Burtleson. Mr. Burtleson recruited employees for Aerotek.

7. In late October and/or early November 2018, Mr. Burtleson told Ms. Whatley about a three year project with KLJ. He told Ms. Whatley that the job would involve working from home and some field work. Mr. Burtleson did not tell Ms. Whatley that the job would ever involve reporting and working eight hours in an office located in Trussville AL.

8. A Aerotek employee named Steffan Morcial also worked with Ms. Whatley and repeated Mr. Burtleson's statements that the job with KLJ would only involve working from home and some field work.

9. Both Burtleson and Morical also told Ms. Whatley that KLJ was looking for an employee to perform pole analysis (i.e. determining the weight bearing capacity of a pole) on this

three year project. They told her that after the three year project ended, she would have the opportunity to work directly for KLJ.

10. Relying on Burtelson and Morical's representations about the KLJ job, Ms. Whatley left her employment with Byers Engineering.

11. Other than performing field-work, Ms. Whatley worked from home when she was hired on in November 2018. She did not report to a KLJ office located in Trussville, AL.

12. In mid- February 2019, Ms. Whatley began experiencing flare-ups related to a physical impairment. The flare-ups resulted, among other things, in numbness in her legs. The numbness it made it difficult for her to walk and get out of bed. The physical impairment also substantially limited her ability to perform daily life activities such as personal hygiene, cooking, standing, dressing and grasping.

13. Plaintiff informed her supervisors Andrew Jones and Kevin Lovell about her physical impairment which limited her ability to perform certain physical tasks.

14. After Plaintiff informed Mr. Jones and Mr. Lovell about her physical impairment, Plaintiff's work was subjected to greater scrutiny than co-workers.

15. After Plaintiff informed Mr. Jones and Mr. Lovell of her physical impairment, the Defendant KLJ changed the terms and conditions of Plaintiff's employment by requiring employees to report to and work from the Trussville, AL office.

16. The Plaintiff repeatedly requested that Mr. Jones and/or Mr. Lovell allow her to continue working from home because her physical impairment made it difficult for her to report to work by 8:00 a.m. Mr. Jones and/or Mr. Lovell were aware that the requirement that employees report to the Trussville office by 8:00 a.m. would impose a significant hardship on Ms. Whatley. Her requests to work from home were denied.

17. Ms. Whatley also requested that they allow her to report later than 8:00 a.m. if KLJ was unwilling to modify the requirement that she report to the Trussville office. The Defendant KLJ denied these requests.

18. Neither Jones or Lovell engaged with the Plaintiff after she made her requests to determine if there was an accommodation.

19. Reporting to the Trussville office at 8:00 a.m. was not an essential function of Plaintiff's job.

20. The Defendant Aerotek removed the Plaintiff from her position with KLJ at the request of KLJ. KLJ requested Plaintiff's removal because of her disability.

21. The Defendant Aerotek was aware of Plaintiff's disability and her requests for accommodation but took no steps to provide Plaintiff with an accommodation.

22. After Aerotek removed Plaintiff at KLJ's request, it did not place Plaintiff in another position because of her disability.

23. Plaintiff timely filed a charge of discrimination with the EEOC and received a right to sue. (See Attachment A)

## COUNT I

**(ADA Violation Against KLJ and Aerotek)**

24. Plaintiff incorporates by reference the factual allegations contained in paragraphs 1 through 23.

25. Plaintiff is a qualified individual with a disability under the meaning of the Americans with Disabilities Act as amended (ADA). She has a physical impairment that causes numbness in her legs. The numbness substantially impairs Plaintiff's ability to perform daily life activities as noted above.

26. Plaintiff had the requisite skill and experience to perform the essential functions of her job. Reporting to an office in Trussville AL at 8:00 a.m. was not an essential function of Plaintiff's position as evidenced by the fact that Plaintiff and co-workers worked from home for approximately three (3) months.

27. Plaintiff requested an accommodation when KLJ changed the terms and conditions of her employment and required her to report to the Trussville office at 8:00 a.m. Plaintiff requested that she be allowed to continue working from home and/or that her starting time be changed.

28. The Defendant discriminated against the Plaintiff in violation of the ADA by refusing to provide Plaintiff with a reasonable accommodation. Defendant KLJ also failed to engage the Plaintiff in an interactive deliberate process to determine whether a reasonable accommodation could be provided.

29. The Defendant KLJ discriminated against the Plaintiff because of her disability or her perceived disability by, among other things, (i) subjecting Plaintiff's work to greater scrutiny than non-disabled coworkers, (ii) by requiring Plaintiff to report to the Trussville office by 8:00 a.m., (iii) by denying the request to work from home while allowing a non-disabled co-worker to work from home and (iv) removing her from her position with KLJ.

30. Upon information and believe, KLJ and Aerotek replaced Ms. Whatley with a non-disabled male individual.

31. Plaintiff's disability or perceived disability was a motivating factor in the adverse employment actions described in paragraph 31. The conduct described in paragraphs 14 through 22 and 25 through 30 violated 42 U.S.C. § 12112 and related regulations.

32. Plaintiff suffered economic loss and mental anguish as a result of the violation of 42 U.S.C. § 12112.

33. As a joint employer under Title VII, Aerotek is jointly and severally liable for the ADA violations committed alleged herein.

## COUNT II

### (Title VII Sex Discrimination Against KLJ & Aerotek)

34. Plaintiff incorporates by reference the factual allegations in the preceding paragraphs regarding her removal from a position with KLJ.

35. Plaintiff was a female employee of KLJ. She was qualified to perform the duties of her position.

36. Plaintiff was removed from her position at KLJ and, upon information and belief, was replaced by a male employee.

37. Plaintiff's supervisor Andrew Jones effectively recommended the removal of the Plaintiff on false and spurious grounds because he wanted to replace her with the male employee who was hired after Plaintiff's removal.

38. Plaintiff's sex was a motivating factor in the decision to remove Plaintiff from her position.

39. As a joint employer under Title VII, Aerotek is jointly and severally liable for the Title VII violations committed by KLJ and/or its agents.

40. KLJ and Aerotek violated 42 U.S.C. § 2000e-2 and related regulations when they removed Ms. Whatley because of her sex.

## COUNT III

### (ADA Discrimination Against Aerotek)

41. Plaintiff incorporates by reference the factual allegations contained in paragraphs 9, 10, 11, 12, 16, 20, 21, 22, 25, 26, 27 and 29.

43. Before she was removed from the KLJ position, Ms. Whatley had informed the account manager at Aerotek that she suffered from a physical impairment that substantially limited her mobility in the morning. Ms. Whatley asked that Aerotek discuss the matter with KLJ and that they accommodate her disability as described above in paragraph 27.

44. Upon information and belief, Aerotek took no steps with KLJ to secure an accommodation for Ms. Whatley. Instead, Aerotek told Ms. Whatley that she would be referred to another comparable job.

45. Aerotek did not assist Ms. Whatley or seek to have KLJ accommodate her disability because of Ms. Whatley's disability or perceived disability.

46. Aerotek agreed to remove Ms. Whatley from her KLJ position and did not refer Ms. Whatley to another comparable job or any job at all because of Ms. Whatley's disability or perceived disability.

46. The conduct described in paragraphs 41 through 46 violates 42 U.S.C. § 12112. Plaintiff suffered economic loss and mental anguish as a result of the violation of 42 U.S.C. § 12112.

## PRAYER FOR RELIEF

47. Wherefore premises considered, the Plaintiff Ms. Whatley respectfully requests the following relief:

(a) reinstatement to her prior position with an order requiring appropriate accommodations;

(b) back pay, including overtime she would have earned had she remained employed;

(c) employee benefits and any out of pocket expenses related to the loss of benefits;

(d) prejudgment interest on the back pay and monetary value of lost benefits;

(e)     compensatory and punitive damages to the maximum amount allowed under Title VII;

(f)     a reasonable attorney's fee plus all allowable costs including costs of expert witness;

(g)     and such legal and equitable relief the Court deems appropriate to remedy any proven violations.

## JURY DEMAND

Plaintiff hereby requests a jury trial on all issues triable by jury.


                                        /s/ Richard P. Rouco
                                        Richard P. Rouco
                                        Counsel for Ms. Whatley


Of Counsel:

Quinn, Connor, Weaver
Davies & Rouco, LLP
2 – 20th Street North
Suite 930
Birmingham AL 35203
(205) 870-9989
(205) 918-7430 (direct)
rrouco@qcwdr.com


**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:**

Aerotek, Inc.
c/o Corporation Service Company, Inc.
641 South Lawrence Street
Montgomery, AL  36104

KLJ Solutions Holding Company
4585 Coleman Street
Bismarck, ND  58503-0431